[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a real estate broker's commission in which CT Page 910 the defendant, James Burton, owner of premises at 18 Isaac Street in Norwalk, now moves for summary judgment. Practice Book 384 ("if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law").
All facts necessary to the rendering of a summary judgment have been developed through affidavits and supporting documents: (1) the written listing expired on January 31, 1983; (2) the premises in question were leased commencing May 1, 1983, and (3) suit was brought on February 27, 1989, more than six years after the listing expired.
General Statutes 52-576 requires that an action for breach of contract must be brought within six years after the right of action accrues.
After January 31, 1983, the plaintiff brokers, Paul and Rosalyn Hiller, had no further right to a commission as their listing expired on that date.
Plaintiffs' attempt to extend the statute of limitations by pointing to paragraph (5)(d) of the listing agreement which provides:
 Such compensation shall be paid if property is leased within ninety days after the termination of this authority or any extension thereof to anyone with whom agent has had negotiations prior to final termination. However, such compensation shall be paid only if I have received notice in writing, including the names of prospective tenants before or upon termination of this agreement or any extension of thereof.
Neither the complaint nor the affidavit in opposition to defendant's motion for summary judgment assert that the plaintiffs gave any such notice to the defendant that they were negotiating with a prospective tenant prior to January 31, 1983, including Merchants Bank Trust Company, whose lease began on May 1, 1983.
I believe, therefore, that the right to a commission expired on January 31, 1983, when the listing terminated; that the statute of limitations expired six years thereafter on January 31, 1989; that the listing was not extended for an additional ninety days; and that such was not brought within the statutory six years.
For these reasons, the motion for summary judgment in favor of the defendant is granted. CT Page 911
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of August, 1990.
WILLIAM B. LEWIS, J.